IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TONY A. VERONEE, | ) | 7:08CV5002 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| KRISTIN FORNANDER, Dr., | ) | |
| CHRIS NIX, Dr., and WADE | ) | |
| FORNANDER, Dr., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on March 25, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on March 25, 2008 against three Defendants, Dr. Kristin Fornander, Dr. Wade Fornander, and Dr. Chris Nix. All three Defendants and Plaintiff are citizens of McCook, Nebraska. (Filing No. 1 at CM/ECF p. 1.) Summarized and condensed, Plaintiff alleges that Defendants were negligent in providing him with dental and emergency medical treatment. (*Id.*) Plaintiff seeks $475,000.00 in monetary damages, as well as damages for "pain and suffering, medical and travel expenses, lost wages and "Nominal Damages." (*Id.* at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff alleges that Defendant Kristin Fornander "intentionally and negligently traumatized" him, and that Defendant Wade Fornander violated the "Medical Code of Ethics and Conduct" by acting unprofessionally toward him during an emergency room visit. (Filing No. 1 at CM/ECF p. 3.) As set forth by the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332,

"diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). It is clear from Plaintiff's Complaint that the amount in controversy is greater than $75,000.00. However, Plaintiff and the Defendants are all residents of Nebraska. (Filing No. 1 at CM/ECF p. 1.) Thus, there is no diversity of citizenship and 28 U.S.C. § 1332 cannot be a basis for jurisdiction in this matter.

However, subject matter jurisdiction is also proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Affording the Complaint the most liberal construction, Plaintiff fails to allege a violation of his civil rights pursuant to 42 U.S.C. § 1983. Further, even if Plaintiff had alleged a claim under 42 U.S.C. § 1983, he has not alleged that a person acting under color of state law caused the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). An allegation that a private entity has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. *See, e.g., Pino v. Higgs*, 75 F.3d 1461, 1464-67 (10th Cir. 1996) ("To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983.") (citations omitted). Therefore, if the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker*, 457 U.S. at 838.

Here, Plaintiff alleges that Defendant Kristin Fornander "intentionally and negligently traumatized" him by "inflicting damage to a nerve" during two dentist appointments. (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleges that Defendant Nix is liable for Defendant Kristin Fornander's conduct because she shares an office with

3

him. (*Id.*) Plaintiff also alleges that Defendant Wade Fornander violated the "Medical Code of Ethics and Conduct" because he was unprofessional during Plaintiff's emergency room visit. (*Id.* at CM/ECF pp. 2-3.) Plaintiff does not allege that any of Defendants' actions were taken under color of state law or were otherwise sanctioned by the state. Thus, Plaintiff's claims are against private individuals and are not civil rights violations.

Plaintiff may have a medical malpractice claim under state law. However, such a claim would not implicate the federal courts' federal-question jurisdiction. *See* 28 U.S.C. § 1331. In addition, it would not implicate the federal courts' diversity jurisdiction because, as discussed above, Defendants and Plaintiff are citizens of Nebraska. *See* 28 U.S.C. § 1332. Thus, because the court lacks subject matter jurisdiction over Plaintiff's claims, the Complaint must be dismissed. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

3. The Clerk of the court is directed to terminate the pro se first assessment deadline in this matter.

June 26, 2008.                                    BY THE COURT:


                                                  s/ Joseph F. Bataillon
                                                  Chief United States District Judge